## SANDERS v. MALOY.

No. 31946. Nov. 27, 1945.

*164 P. 2d 235.*

Bruce & Rowan, of Oklahoma City, for plaintiff in error.

James C. Wright, of Okemah, for defendant in error.

BAYLESS, J. H. M. Sanders instituted an action in the district court of Okfuskee county against J. N. Maloy for the purpose of quieting title to certain real estate by canceling a resale tax deed issued by the county to Maloy. Maloy defended against the petition and cross-petitioned to quiet title against Sanders, basing his title on the resale deed. Judgment was for Maloy, and Sanders appeals.

Sanders makes several contentions. The first is that the notice of sale for the delinquent taxes in 1940 was insufficient to support a valid sale. He quotes 68 O. S. 1941 § 382, relating to the form of the notice and calls our attention to a photostatic copy of the notice published. He then asserts that an examination of this photostatic copy is sufficient to demonstrate that the property is not described nor is the amount of delinquent taxes set out therein as required by law. We have examined the copy of the notice of sale and observe that it describes the property and shows the 1939 taxes as $19.15 and the 1938 taxes as $22.61. Since Sanders goes no further than he does in arguing this matter, we treat the proposition as not being sustained.

The second contention he makes is that the notice of resale was insufficient to constitute a valid sale. He quotes 68 O. S. 1941 § 432b, and calls our attention to a photostatic copy of the notice of resale which he argues "is very confusing, indefinite and uncertain." We have examined the details of this notice and compared them with the requirements of the statute and find that none is omitted. The notice of resale segregated the lands in Creek township in one group and the particular land involved is the last item in the group included in that township, and we quote the portion of the notice relating to this land:

"W2 NW SW and W2 E2
NW SW, Sec. 35, twp.
13, range 8;
Donnie Weston; sold
11-4-40;
Ad Val. yrs. 1938-42    91.57"

Sanders argues that the omission of the dollar sign before the figures in the right hand column deprives those figures of any definite meaning; and argues that the description of the land, the name of the owner given, the date of the sale to the county, and the amount of delinquent taxes since the sale are so jumbled together as to be unintelligible to a layman. We think

172

that even a casual examination of the notice, as demonstrated by the quotation above, adequately answers this argument to the contrary.

Sanders contends that this property was the homestead of Donnie Weston and that a homestead exemption was allowed in 1941 as provided by law, and that it was being occupied and used by Weston as a homestead at the time of the resale. The record discloses that no claim for homestead tax benefits was made for any other year. This is then followed by a statement of the belief and contention that since the property was being used and occupied as a homestead by the owner, that under the provisions of law (without saying· what law) waiving penalties and extending time of payment, this property was not eligible for sale at the resale in 1943. Since nothing more than this is said on this point, we treat this point as being without merit.

The last contention made is that the property was advertised and sold for an excessive amount of taxes. The notice of sale as above quoted advertised the total amount of taxes, interest, and penalties as $91.57. Sanders sets out in his brief the figures for the taxes, interest, and penalties for the years 1938, 1939, 1941, and 1942, which makes a total of $57.36. He argues from this that there is an unexplained excess amount between this figure and the amount advertised. Maloy calls attention to the fact that Sanders omits from this listing the taxes, interest, and penalties for 1940, which was a year specified in the notice of resale as being delinquent. In addition to this, we observe that the figures which he has quoted are taken from the testimony of the county treasurer and represent the amount of principal, interest, and penalty due for each year according to the tax rolls for the particular year without any effort to show what these would figure with added interest and penalty at the time of the resale or of the examination of the witness. We think that the attack in this respect fails for support in the record.

The judgment appealed from is affirmed.